UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) |

3:09-md-02100-DRH-PMF

MDL No. 2100

ORDER

**This Document Relates to:**

Becerril v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10039-DRH-PMF

Bennett v. Bayer Corp., et al. No. 3:10-cv-10150-DRH-PMF

Brown v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10148-DRH-PMF

Camp v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10089-DRH-PMF

Colby v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10181-DRH-PMF

Delk v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10136-DRH-PMF

Denny v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10085-DRH-PMF

Eck v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10144-DRH-PMF

Gerling v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10026-DRH-PMF

Greco v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10128-DRH-PMF

Harris v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10032-DRH-PMF

**Hill v. Bayer HealthCare Pharms., Inc.,
et al. No. 3:10-cv-10141-DRH-PMF**

**Hilliard v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10140-DRH-PMF**

**Holliday v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10139-DRH-PMF**

**Johnson v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:09-cv-10125-DRH-PMF**

**Thompson v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10115-DRH-PMF**

**Torn v. Bayer Corp., et al. No. 3:09-cv-10188-DRH-PMF**

_____

### ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer HealthCare") motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[1]  Bayer HealthCare contends that although

---

[1] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

the Plaintiffs in the above-captioned matters have served PFSs, the PFSs are not substantially complete and are therefore delinquent pursuant to CMO 12.[2]

Under Section E of CMO 12, Plaintiffs were given 14 days from the date of Defendant's motion, in this case 14 days from October 4, 2010, to file a response either certifying that they served upon Defendants and Defendants received a completed PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.

Only one Plaintiff in the above-captioned member actions timely filed a response to Bayer HealthCare's motion to dismiss pursuant to CMO 12. On October 6, 2010, Plaintiff Angela Susan Torn (*Torn,* member action number 3:09-cv-10188) filed a response certifying that she had corrected the deficiencies in her PFS and that the necessary documents had been served upon Bayer HealthCare (3:09-cv-10188 Doc. 28) (certifying that Plaintiff completed and signed record release authorizations and federal disclosure statement, the deficiencies that had been identified in Bayer HealthCare's motion to dismiss, and that the same were served on Bayer HealthCare on October 6, 2010).

One additional Plaintiff filed a response stating that she had supplied the Bayer Defendants with an amended PFS that corrected the deficiencies identified in Bayer HealthCare's motion to dismiss on October 28, 2010 (*Becerril*, member action 3:09-cv-10039 Doc. 39). Although Plaintiff's response is untimely,

---

[2] For example, Bayer HealthCare states that none of the Plaintiffs in the above-captioned member actions has submitted all required authorizations. Other examples include failure to sign the PFS declaration, failure to provide responsive and substantially complete answers to questions regarding personal and family medical history.

the Court will refrain from taking the drastic action of dismissing Plaintiff's case. The Court also notes that as evidence of compliance with CMO 12, Plaintiff's counsel attached the completed un-redacted PFS as an exhibit to the responsive pleading.  The Court immediately struck and removed this attachment from the docket as it contained private information – such as the Plaintiff's complete social security number, address, and date of birth – in violation of the Court's privacy policy.  <u>The Court strongly urges counsel to review the Court's Privacy Policy located at Local Rule 5.1(d) and to avoid violating this policy in the future</u>.

The Plaintiffs in the remaining member actions have failed to file any response to Bayer HealthCare's motion to dismiss pursuant to CMO 12.  Because the remaining Plaintiffs have failed to respond, in any way, to Bayer HealthCare's allegations that the submitted PFSs are not substantially complete, the Court finds that the remaining Plaintiffs in the above-captioned member actions have failed to comply with the requirements of CMO 12.

Accordingly, the Court hereby **Orders** as follows:

1. The motion to dismiss filed in **Torn v. Bayer Corp., et al. No. 3:09-cv-10188-DRH-PMF** is **DENIED** as **MOOT.**

2. The motion to dismiss filed in **Becerril v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10039-DRH-PMF** is **DENIED** as **MOOT.**

3. The following member actions are **dismissed without prejudice** for failure to comply with the requirements of CMO 12:

   **Becerril v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10039-DRH-PMF**

   **Bennett v. Bayer Corp., et al. No. 3:10-cv-10150-DRH-PMF**

**Brown v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10148-DRH-PMF**

**Camp v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10089-DRH-PMF**

**Colby v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10181-DRH-PMF**

**Delk v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10136-DRH-PMF**

**Denny v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10085-DRH-PMF**

**Eck v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10144-DRH-PMF**

**Gerling v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10026-DRH-PMF**

**Greco v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10128-DRH-PMF**

**Harris v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10032-DRH-PMF**

**Hill v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10141-DRH-PMF**

**Hilliard v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10140-DRH-PMF**

**Holliday v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10139-DRH-PMF**

**Johnson v. Bayer HealthCare Pharms., Inc., et al. No. 3:09-cv-10125-DRH-PMF**

**Thompson v. Bayer HealthCare Pharms., Inc., et al. No. 3:10-cv-10115-DRH-PMF**

**Further,** the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a completed PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon Defendants' motion**.


**SO ORDERED**

David R. Herndon
2010.10.29 11:36:30
-05'00'

**Chief Judge**                                                                                    Date:  October 29, 2010
**United States District Court**